IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY SEBO and CONNIE SEBO, et al.,<br><br>Defendants. | Case No. CIV-10-368-RAW |

## ORDER & OPINION

Before the court is Plaintiff's motion for summary judgment against Danny Sebo and Connie Sebo (hereinafter either "Danny and Connie Sebo" or "Defendants") [Docket No. 104]. As the motion was not against them, the remaining seventeen (17) defendants did not respond.[1] Plaintiff, the United States of America, brings this action on behalf of the Farm Service Agency (hereinafter "FSA"), formerly the Farmers Home Administration. This court has jurisdiction pursuant to 28 U.S.C. § 1345.

In the Amended Complaint, Plaintiff lists promissory notes, mortgages and security

---

[1]Default judgment has been entered against Roy Sebo, if living or deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Roy Sebo, deceased; Edith Sebo, if living or deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Edith Sebo, deceased; James Craig, if living or deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of James Craig, deceased; Alpha Craig, if living or deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Alpha Craig, deceased; Farmers Cooperative; Preston Kelley; Deere & Company; CACV of Colorado, LLC; Nubbin Holland; Blyth Holland; and Ricky D. Vaughn.
    Answers have been filed by Central National Bank of Poteau; the Board of County Commissioners of LeFlore County, Oklahoma; the County Treasurer of LeFlore County, Oklahoma; the County Assessor of LeFlore County, Oklahoma; Ozark Gas Gathering, LLC; and Poteau Petroleum Products, Inc. Ozark Gas Gathering, LLC has also filed a counterclaim and cross-claim.

agreements executed by Danny and Connie Sebo and identifies the tracts of land mortgaged thereby. Plaintiff alleges that Danny and Connie Sebo defaulted in the payment of the installments on those notes, mortgages and security agreements. Plaintiff states that now due and owing is the principal sum of $470,511.20, plus interest to January 24, 2011 in the amount of $132,632.41, plus interest from that date at the daily rate of $54.8467 until paid.[2]

Plaintiff states that the mortgages expressly provide that if the borrowers default, Plaintiff may foreclose on the mortgages, sell the mortgaged property, and apply the proceeds of the sale to the debt. Plaintiff also states that "pursuant to the laws of the State of Oklahoma," it is entitled to reasonable attorney fees, and that $2,000.00 is a reasonable attorney fee in this action. Plaintiff claims that its mortgage lien is prior to any and all claims of the defendants, except to the claim of Central National Bank's first lien, and that all other liens should be cancelled and set aside as clouds upon the title to the mortgaged property.

In its motion for summary judgment against Danny and Connie Sebo, Plaintiff lists

---

[2] These are the figures given in the second paragraph numbered "4" that begins on page 6 of the Amended Complaint. These figures are different than those given in another area of the Amended Complaint and in the summary judgment motion and in the reply.
    In paragraph 2 on page 8 of the Amended Complaint, Plaintiff lists the following figures: principal in the amount of $489,861.78; interest to September 7, 2010 in the amount of $125,480.32; and interest from that date at a daily rate of $54.6447.
    In its summary judgment motion, Plaintiff lists the following figures: principal in the amount of $469,926.00; interest to May 25, 2011 in the amount of $138,788.97; and interest accruing from that date at a daily rate of $54.7952.
    In its reply, Plaintiff lists the following figures: principal in the amount of $490,426.00; interest to May 25, 2011 in the amount of $138,788.97; and interest accruing from that date at a daily rate of $54.7952. Explaining the discrepancy between the summary judgment motion and the reply, Plaintiff adds a footnote and affidavit regarding $20,500.00 that was inadvertently omitted from the motion.

twenty-seven (27) statements of fact. In their response to the summary judgment motion,[3] Defendants Danny and Connie Sebo dispute only one of those facts: statement of fact number twenty-five (25). The court accepts as true for the purposes of the summary judgment motion Plaintiff's other twenty-six (26) statements of fact.

Statement of fact number 25 reads: "That prior to acceleration and referral of this account for foreclosure, the defendants were offered all administrative rights afforded by law or regulation." Defendants dispute that they were offered "all administrative rights afforded by law and regulation." Defendants argue that "[b]orrowers are eligible to have their debt restructured, if they submit a feasible plan within sixty days of receiving the restructuring packet." Response, p. 3. They further argue that the second stage of the Agricultural Credit Act of 1987, 7 U.S.C. § 5101, et seq., allows farmers to save their farms by "buying out" their loans at the fair market value of the underlying collateral, with ninety (90) days to seek financing for that sum.

Defendants argue that they have owned and operated their rural home and farm for over 30 years. They have previously defaulted on their FSA loan and been assisted by their long-time FSA County Supervisor. After this most recent delinquency, they contacted the same FSA supervisor who promised to help them offer a fair market buyout of their loans. They were awaiting that buyout offer, but never received it, as that FSA supervisor was replaced or resigned. Defendants argue that summary judgment is not appropriate at this time because they should have been given a fair market buyout offer with the appropriate time to seek refinancing prior to foreclosure.

Plaintiff points out that the controlling statutes are found at 7 U.S.C. § 1981d and 2001 *et*

---

[3]The response is titled, "Objection of Defendants, Danny and Connie Sebo to Plaintiff's Motion for Summary Judgment with Brief in Support."

*seq.* Section 1981d (e) provides:

> The Secretary shall consider a farmer program borrower for all loan service programs if, within 60 days after the receipt of the notice required in this section or, in extraordinary circumstances as determined by the applicable State director, after the 60-day period, the borrow requests such consideration in writing. In considering a borrower for loan service programs, the Secretary shall place the highest priority on the preservation of the borrower's farming operations.

7 U.S.C. § 1981d (e). Plaintiff argues that the Defendants' account became delinquent on July 28, 2004. In accordance with 7 U.S.C. § 1981d (a) and (b), the FSA sent a "Notice of the Availability of Loan Servicing and Debt Settlement Programs for Delinquent Farm Borrowers" to Defendants on November 10, 2004. Defendant Danny Sebo received the notice on November 12, 2004. On March 2, 2005, the FSA sent to Defendants a "Notification of Intent to Accelerate or Continue Acceleration of Loans and Notice on Your Rights." Defendant Connie Sebo received the notice on March 3, 2005. Each notice included a form to be returned within 60 days and 15 days, respectively. Defendants have never returned the completed forms.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006).

None of Plaintiff's statements of fact are disputed except the following: "That prior to acceleration and referral of this account for foreclosure, the defendants were offered all administrative rights afforded by law or regulation." Plaintiff has shown that Defendants were sent the notifications required by statute, and Defendants wholly failed to respond with the

required paperwork. Defendants have not brought any evidence or argued that they responded in writing to the FSA. Viewing the evidence and drawing reasonable inferences in the light most favorable to Defendants Danny and Connie Sebo, the court must grant summary judgment.

Accordingly, the motion for summary judgment against Danny and Connie Sebo [Docket No104] is hereby GRANTED. Plaintiff shall provide the court with verification that its latest figures (principal in the amount of $490,426.00; interest to May 25, 2011 in the amount of $138,788.97; and interest accruing from that date at a daily rate of $54.7952) are accurate no later than October 14, 2011. The court declines to grant Plaintiff attorney fees.

IT IS SO ORDERED this 22ND day of September, 2011.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma